Brian R. Root, Plaintiff *in propria persona*
2137 Bell Avenue
Fort Pierce, FL 34982
(251) 599-1252
BrianRoot@gmail.com

FILED BY ___MEL___ D.C.

JUN 01 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT COURT OF FLORIDA

BRIAN R. ROOT
    PLAINTIFF

v.                                                                    CASE NO. _____

NICOLE MENZ AND
INDIAN RIVER COUNTY COURT,
STATE OF FLORIDA
    DEFENDANT
_____/

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**UNDER AMERICANS WITH DISABILITIES ACT**

Plaintiff, Brian R. Root, sues the defendant, NICOLE MENZ and INDIAN RIVER COUNTY COURT, STATE OF FLORIDA, for declaratory and injunctive relief under Title II of the Americans with Disabilities Act and alleges the following:

**JURISDICTION AND VENUE**

The plaintiff Brian R. Root brings this action to enforce Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§12131-12134, against the defendant NICOLE MENZ and INDIAN RIVER COUNTY COURT, STATE OF FLORIDA.

Defendant is a public accommodation subject to the provisions of Title II of the Americans with Disabilities Act of 1990 and as amended in 2008.

This Court has jurisdiction over this action under 42 U.S.C. §§12131-12134 and 28 U.S.C. §§1331 and 1345. This Court has authority to grant a declaratory judgment pursuant

to 28 U.S.C. §§2201 and 2202 and authority to grant equitable relief, monetary damages, and civil penalties under 42 U.S.C. §§12131-12134.

Venue is proper in the District of Florida pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff resides in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

Plaintiff Brian R. Root resides in Fort Pierce, Florida and is an individual with a disability within the meaning of Title II of the ADA. The plaintiff has a physical or mental disability or impairment that substantially limits one or more major life activities set forth in 28 CFR Part 35.104.

Defendant NICOLE MENZ and INDIAN RIVER COUNTY COURT, STATE OF FLORIDA is a public entity that employs fifty or more persons with its physical place of business in Indian River County Florida. Defendant has control over and is responsible for operations at this public accommodation.

## PLAIN STATEMENT

The defendant discriminated against the plaintiff who had expressed that he has a record of, and is regarded as, having disabilities that impair him from engaging in one or more major life activities. Defendant's conduct and failure to provide reasonable accommodations is in violation of Title II of the Americans with Disabilities Act (ADA).

## STATEMENTS OF FACT

Notice is hereby given to the court that the plaintiff is a person with a disability that is impaired from engaging in one or more major life activities, that is aggravated by submitting to certain mitigating measures offered by the court. The plaintiff is not required to accept any certain mitigation measure and requests reasonable modifications unless the court can establish that such modifications create an undue burden or fundamentally alter the function of the court, or that the plaintiff is a direct threat to anyone.

Such discrimination persists notwithstanding the existence of readily available, well-established, accommodations, that in fact would cost nothing to the defendant and for which any costs are expected to be settled in the normal and usual costs of operating a public facility.

The plaintiff has commenced this action based on reasonable cause to believe that Defendant is engaged in a pattern or practice of discrimination and that the plaintiff has been discriminated against and that such discrimination raises issues of general public importance. 42 U.S.C. § 12188(b)(1)(B). The plaintiff seeks declaratory and injunctive relief, monetary damages, and civil penalties against Defendant.

## ALLEGATIONS OF VIOLATIONS OF TITLE II OF
## THE AMERICANS WITH DISABILITIES ACT

The allegations contained in the preceding paragraphs are incorporated by reference.

Title II, subtitle A, of the ADA prohibits discrimination on the basis of disability in all services, programs, and activities provided to the public by State and local governments.

The defendant is a state or local government entity or public accommodation that has discriminated against the plaintiff on the basis of disability in all services, programs, and activities provided to the public.

Defendant has failed or refused to take the necessary steps to ensure that the plaintiff was not excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services.

The defendant utilized standards or criteria or methods of administration that have the effect of discriminating on the basis of disability, or perpetuating the discrimination of the plaintiff when reasonable accommodations were within its administrative control.

The plaintiff is a victim of defendant's discriminatory conduct or actions and is an aggrieved persons within the meaning of 42 U.S.C. §§12131-12134.

The defendant has failed to adopt and publish grievance procedures providing for prompt and equitable resolution of complaints alleging any action that would be prohibited by Part 35.107 of Title 28 of the Code of Federal Regulations.

As a result of Defendant's actions and/or omissions the plaintiff has experienced frustration, public humiliation, retaliation, intimidation, assault, arrest, incarceration, additional burden, and marginalization; and has been denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services.

In addition to unlawfully denying the plaintiff the same and equal access to the services, the defendant retaliated against the plaintiff by:

- failing or refusing to make reasonable modifications to accommodate the plaintiff's communications disability and other disabilities relating to respiration and language barriers that preclude or impair the plaintiff from understanding the terms used by the defendant and its employees; and,

- ignoring the plaintiff's efforts to express his disabilities and requests for reasonable modifications and retaliating against the plaintiff by intimidating and coercing the plaintiff, demanding that the plaintiff explain his disabilities in a public forum and then demanding he submit to the medical interventions and examinations and other health control measures that further exacerbate his ability to engage in major life activities; and,

- threatening the plaintiff with being falsely cited, arrested or incarcerated for unrelated crimes such as trespass or disorderly conduct while plaintiff was exercising and enjoying his rights under the ADA which is a protected activity under 42 U.S.C. §12203 and 28 CFR Part 35.134(a) and (b); and,

- allowing other employees to attack, threaten or verbally ridicule and abuse the plaintiff while plaintiff was exercising and enjoying his rights under the ADA which is a protected activity under 42 U.S.C. §12203 and 28 CFR Part 35.134(a) and (b); and; and,

- threaten the plaintiff with public humiliation and exclusion because of his disability while plaintiff was exercising and enjoying his rights under the ADA which is a protected activity under 42 U.S.C. §12203 and 28 CFR Part 35.134(a) and (b); and,

Furthermore, the defendant expresses the attitude toward the plaintiff as if the plaintiff is a direct threat to others, yet has never complied with the individual assessment criteria, to wit:

28 CFR Part 35.104:

"(b) In determining whether an individual poses a direct threat to the health or safety of others,

a public accommodation must make an **individualized assessment**, based on reasonable judgment that relies on current medical knowledge or on the best available objective evidence,

to ascertain: The nature, duration, and severity of the risk;

the probability that the potential injury will actually occur;

and whether reasonable modifications of policies, practices, or procedures or the provision of auxiliary aids or services will mitigate the risk."

By the conduct set forth in the preceding paragraphs, there is reasonable cause to believe that Defendant has:

Engaged in a pattern or practice of discrimination, in violation of 42 U.S.C. §§12131-12134; and,

Discriminated against the plaintiff and other individuals with disabilities, and such discrimination raises an issue of general public importance, in violation of 42 U.S.C. §§12131-12134; and,

Defendant has failed to comply with 28 CFR Part 35.105 and make any evaluation of its services, polices or practices or make any modifications; and,

Defendant has failed to make available to applicants, participants, beneficiaries, and other interested persons such as the plaintiff, information regarding the provisions of 28 CFR Part 35.106 and its applicability to the services, programs, or activities of the defendant, and make such information available to the plaintiff in such manner as the head of the defendant finds necessary to apprise the plaintiff of the protections against discrimination assured him by the Americans with Disabilities Act Act and this part (28 CFR 35.106).

Plaintiff demands a jury trial.

**WHEREFORE**, Plaintiff demands judgment against the defendant and that the court declare that Defendant's discriminatory actions and/or omissions as set forth in this Complaint violate Title II of the Americans with Disabilities Act; and,

an order enjoining the defendant, along with its officers, agents, and employees, and all others in active concert or participation with them, from:

Engaging in discriminatory acts and/or omissions against individuals with disabilities;

and an order enjoining the defendant from implementing practices and policies in a manner that is inaccessible to individuals with disabilities within the meaning of Title II of the Americans with Disabilities Act;

And ordering defendant to:

Comply with the requirements of Title II of the Americans with Disabilities Act;

Provide appropriate auxiliary aids and services; modify policies, practices, and procedures; and/or require alternative methods to ensure the accessibility of its premises and services to individuals with disabilities as required under Title II of the Americans with Disabilities Act;

Take such affirmative steps as may be necessary to restore, as nearly as practicable, each identifiable victim of the Defendant's discriminatory conduct to the position that he or she would have been in, but for the Defendant's conduct; and,

Take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct and to eliminate, to the extent practicable, the effects of such conduct; and,

Award monetary damages to the plaintiff, in an appropriate amount for injuries suffered as the result of Defendant's failure to comply with the requirements of Title II of the Americans with Disabilities Act;

Assess a civil penalty against the defendant in an amount authorized by Title II of the Americans with Disabilities Act to vindicate the public interest; and,

Order such other relief as the interests of justice may require.

DATED this 27th day of May 2021.

Brian R. Root, Plaintiff

- 6 -

Brian R. Root, Plaintiff *in propria persona*
2137 Bell Avenue
Fort Pierce, FL 34982
(251) 599-1252
BrianRoot@gmail.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT COURT OF FLORIDA

BRIAN R. ROOT

    PLAINTIFF

v.                                                                                  CASE NO. _____

NICOLE MENZ AND
INDIAN RIVER COUNTY COURT,
STATE OF FLORIDA

    DEFENDANT
_____ /

### AFFIDAVIT IN SUPPORT OF COMPLAINT

STATE OF FLORIDA            )
                            ) ss
COUNTY OF INDIAN RIVER      )

    I, Brian R. Root, do hereby solemnly affirm that the statements herein are true and correct in substance and in fact and that I have personal knowledge of each.

    The defendant retaliated against me because I have a disability that impairs my ability to engage in one or more major life activities. Upon asking for reasonable modifications, I was subjected to being prevented from attending a hearing in a criminal proceeding in which I was ordered by the court to appear, and in which I was a witness.

    On the date of December 7th, 2020, the court, Judge Nicole Menz, issued a bench warrant against me.

    I requested a findings of fact and conclusions of law from the court regarding the bench warrant issued December 7th 2020 under the following circumstances:

1  The court ordered me to appear at a hearing on the date of December 7th, 2020 at the time of 8:30 AM.

2  I appeared at the courthouse approximately one-half hour before the scheduled hearing and attempted to enter the courthouse to appear at the hearing until approximately 9:00 AM.

3  I was prevented from entering the courthouse by several heavily armed masked-men who were concealing their identities and threatening me, even after explaining that I was under court order to attend a hearing and that I was a witness in the above captioned matter.

4  I informed these heavily armed masked-men that I was acting under court order to appear before a judge of the court. About eight of these individuals heard, understood and acknowledged this statement and proceeded to prevent me from entering the courthouse to attend the hearing by blocking my path with deadly force.

5  The court ordered me to appear and the court appears to have also ordered court personnel to prevent me from appearing.

Brian R. Root, Affiant

STATE OF FLORIDA      )
                      ) ss
COUNTY OF INDIAN RIVER )

Subscribed and Sworn to before me a notary public this 28th day of May, 2021.

Signature of Notary                    [ls]

Jason Hendry
Commission # GG300006
Expires: February 23, 2023
Bonded Thru Aaron Notary

- 8 -