UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-14224-Civ-Martinez/Maynard

BRIAN ROOT,

    Plaintiff,

v.

NICOLE MENZ, and INDIAN RIVER
COUNTY COURT,

    Defendants.
_____/

## REPORT RECOMMENDING THAT CASE BE DISMISSED
## FOR FAILURE TO STATE A CLAIM

**THIS CAUSE** is before the Court upon an Order referring this matter to the undersigned for appropriate disposition of pending matters [DE 5]. Pending before the Court is Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [DE 3]. Upon consideration of the Complaint and being otherwise fully advised in the premises, the undersigned respectfully recommends as follows.

## BACKGROUND

Plaintiff Brian Root, proceeding *pro se*, initiated this action on June 1, 2021. Invoking Title II of the American with Disabilities Act ("ADA"), Plaintiff brings this discrimination suit against an Indian River County Court Judge and the Indian River County Courthouse. In his Complaint [DE 1], Plaintiff asserts in formulaic fashion that Defendants violated the ADA by failing to provide reasonable accommodations and failing to take necessary actions to ensure that Plaintiff was not denied services, resulting in Plaintiff being subjected to frustration, public humiliation, retaliation, and intimidation.

According to an affidavit attached to the Complaint, Plaintiff's allegations of discriminatory conduct stem from county court proceedings involving a bench warrant issued against Plaintiff by County Court Judge Menz after which Plaintiff claims he was "prevented from entering the courthouse by several heavily armed masked-men who were concealing their identities and threatening me, even after explaining that I was under court order to attend a hearing and that I was a witness . . ." [DE 1 at 7]. Plaintiff claims that eight of the "heavily armed masked-men . . . proceeded to prevent [Plaintiff] from entering the courthouse to attend the hearing by blocking my path with deadly force." [*Id.*].

## **LEGAL STANDARD**

Upon a plaintiff's submission of an affidavit of indigency in support of a motion to proceed without prepayment of the filing fee, a district court may screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). A court must "dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint is "frivolous" within the meaning of section 1915(e)(2)(B)(i) where "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke,* 490 U.S. at 327. The category of factual contentions that are "clearly baseless" includes those that are "fanciful," "fantastic," "delusional," or that "rise to the level of irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25,

32-33 (1992). However, a complaint may not be dismissed pursuant to section 1915(e)(2)(B) simply because a court finds the plaintiff's allegations unlikely. *Id.*

Dismissals for failure to state a claim under section 1915(e)(2)(B) are governed by the same standard as dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). Thus, when reviewing a complaint under section 1915(e)(2)(B), a court must apply the standard of review applicable to Rule 12(b)(6) motions and accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. *Burns v. Jorandby*, 2008 WL 11454800, at *1 (S.D. Fla. Mar. 28, 2008).

While *pro se* pleadings are held to a less strict standard than pleadings from counseled parties and are liberally construed, *see, e.g., Alba*, 517 F.3d at 1252, "[t]he pauper's affidavit should not be a broad highway into the federal courts." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Liberally construing a pro se pleading does not give "a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation omitted).

## **DISCUSSION**

Upon review, the Court finds that Plaintiff's Complaint is legally frivolous and fails to state a claim. Title II of the ADA provides that, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II protects a disabled plaintiff's right of access to the court system. *Tennessee v. Lane*, 541 U.S. 509, 523, 529, 533-534 (2004). To state a claim under Title II of the ADA, a plaintiff must show:

> (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability.

*Bircoll v. Miami-Dade Cty.*, 480 F.3d 1072, 1083 (11th Cir. 2007) (citing *Shotz v. Cates*, 256 F.3d 1077, 1079 (11th Cir. 2001)).

Here, Plaintiff fails to allege facts establishing the second and third required elements to state a claim under Title II of the ADA. Plaintiff fails to show that either of the two Defendants he has sued discriminated against him. Instead, Plaintiff's Complaint rests on generic and conclusory allegations that several unidentified armed individuals threatened Plaintiff and prevented him from entering the courthouse where he was due to appear for a scheduled court hearing. Plaintiff does not any specific facts to show that these individuals were court personnel or that they were anyhow related to the two Defendants he has sued in any way. In the absence of allegations showing how the named Defendants have discriminated against Plaintiff, Plaintiff is unable to further show that they discriminated against him by reason of a disability.

The wrongful actions that Plaintiff alleges—being threatened by unidentified individuals preventing him access to the courthouse—do not rise to the level of a cognizable legal claim under the ADA. Title II is expected to apply in cases in which there is some physical, social or financial barrier to court access. *See Tennessee*, 541 U.S. at 523, 529, 533-534 (ADA protects a physically disabled litigant's right to access the court without any physical barriers, like stairs). Plaintiff fails to allege the structural, physical-barrier-level impediments necessary to support a Title II, ADA claim. *See McCauley v. Georgia*, 466 Fed. Appx. 832, 836-837 (11th Cir. 2012) (affirming the dismissal of a *pro se* plaintiff's ADA claim under Rule 12(b)(6) where the plaintiff "did not explain how [the] alleged deficiencies affected her case or denied her access to the courts.")

## CONCLUSION

The Complaint fails to sufficiently state a valid claim under the ADA. Accordingly, the undersigned respectfully **RECOMMENDS** that this case be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B). This Court recommends that the dismissal be without prejudice and that Plaintiff be permitted to amend his Complaint should he be able to overcome the pleading deficiency concerns raised in this Report. *See Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003). The Court further **RECOMMENDS** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [DE 3] be **DENIED**.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Jose E. Martinez. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 1st of September, 2021.

_____
SHANIEK M. MAYNARD
U.S. MAGISTRATE JUDGE